# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| ERNEST H. NEWBLOOD, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:23-cv-03155 |
| CONN'S APPLIANCE, INC. d/b/a CONN'S HOME PLUS, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

**NOW COMES** Ernest H. Newblood ("Plaintiff"), by and through his undersigned attorney, complaining of the Defendant Conn's Appliance, Inc., doing business as, Conn's Home Plus ("Defendant"), as follows:

### NATURE OF THE ACTION

1.      Plaintiff brings this action seeking redress for violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq*.

### JURISDICTION AND VENUE

2.      Subject matter jurisdiction is conferred upon this Court by the FCRA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in this District and all of the events or omissions giving rise to the claims occurred in the District.

### PARTIES

4.      Plaintiff is a consumer and a natural person over 18-years-of-age who, at all times relevant, resided in the District of Colorado.

1

5.      Defendant operates as an appliance outlet that offers the sales of electronics appliances such as televisions, washers, dryers, dishwashers, microwaves, refrigerators and other related products. Defendant provides financing for many of its products to consumers with bad credit. Defendant principal place of business is located at 2445 Technology Forest Blvd., Building Four, Suite 800, The Woodlands, Texas 77381.

## FACTS SUPPORTING CAUSES OF ACTION

6.      Prior to the events giving rise to this action, Plaintiff suspected that he was a victim of identity theft and consulted several avenues to clear the inaccuracies from his credit report.

7.      After resolving most credit reporting errors, Plaintiff applied for a new line of credit with Canvas Credit Union ("CCU").

8.      Plaintiff was expecting to receive a generous credit limit, but sadly was only given a conservative credit limit upon approval.

9.      Plaintiff contacted CCU to inquire as to how its company determined Plaintiff's conservative credit limit upon approval.

10.     CCU concluded its decision was based off Plaintiff's credit reports. Specifically, CCU pointed out the derogatory trade line reporting by Defendant greater than $11,000 ("subject account").

11.     After learning of Defendant's derogatory reporting, Plaintiff placed an outgoing telephone call to Defendant to inquire more information as Plaintiff never entered into a business relationship with Defendant or any of its subsidiaries.

12.     During the telephone call, Plaintiff was cooperative with Defendant and disputed the subject account entirely.

13.     Defendant then verified that there are no open accounts under Plaintiff's name, date of birth and social security number, thus prompting Defendant to direct Plaintiff to communicate with its Fraud Department.

14.     After several, back and forth emails between Defendant and Plaintiff, Defendant sent a letter confirming Plaintiff was not responsible for the subject account dated March 11, 2022.

15.     On March 11, 2022, Plaintiff sent Experian a detailed written dispute letter. In the letter, Plaintiff identified the subject account and stated that the subject account should be removed from his Experian credit report, as it is fraudulent.

16.     Upon information and belief, Defendant received notice of Plaintiff's disputes within five days of Plaintiff initiating the disputes with Experian. *See* 15 U.S. Code § 1681i(a)(2).

17.     On April 13, 2023, Experian sent Plaintiff the results of its investigation and Experian verified the accuracy of the subject account with Defendant and continued to report the fraudulent subject account to Plaintiff's credit file.

18.     After each dispute, Defendant failed to reasonably investigate Plaintiff's credit dispute. In spite of the fact that Plaintiff was a victim of identity theft, Defendant verified the erroneous and fraudulent subject account and continued to report subject account to Plaintiff's Experian credit file with a Balance, Past Due Amount and multiple delinquencies.

19.     Defendant failed to reasonably investigate Plaintiff's detailed credit disputes. Specifically, Defendant continued to report the subject account on Plaintiff's Experian credit file, after Plaintiff communicated to Defendant that he was a victim of identity theft and he is not responsible for the subject account. Although the trade line should be deleted and blocked, Defendant continued to report the fraudulent subject account.

20.     Defendant has been reporting derogatory and inaccurate information relating to Plaintiff and Plaintiff's credit history to one or more third parties for a great length of time. The inaccurate information consists of the subject account that does not belong to Plaintiff, and which were a result of identity theft.

21.     To remedy the continued fraudulent, inaccurate, materially misleading reporting of the subject account and to validate the accuracy of Defendant's inaccurate credit reporting, Plaintiff purchased a credit report identity theft monitoring service for $29.99 per month.

22.     The reporting of the Defendant's trade line is patently inaccurate and materially misleading because Plaintiff was a victim of identity theft and the trade line pertaining to the subject account did not belong to Plaintiff.

23.     Despite having actual knowledge that Plaintiff had no connection to the subject account and that the subject account stems from Plaintiff's identity being stolen, Defendant should have removed the subject account from Plaintiff's credit files.

24.     Any reasonable investigation by Defendant would have revealed the materially misleading nature of the information on Plaintiff's consumer credit report.

25.     Despite the misrepresentation, Defendant continued to report the subject account, despite Plaintiff never having a business relationship with Defendant.

26.     The inaccurate reporting of the subject account is misleading because it demonstrates that Plaintiff is not a trustworthy consumer.

#### IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE

27.     The erroneous reporting of the subject account paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject account has a significant adverse

impact on Plaintiff's credit rating because it misleads creditors into believing that Plaintiff cannot honor his financial obligations, and thus a high risk consumer.

28.     The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to regain a firm foothold on his creditworthiness, credit standing, and credit capacity.

29.     As a result of the conduct, actions, and inaction of Defendant, Plaintiff has suffered various types of damages as set forth herein, including specifically, out-of-pocket expenses, the loss of credit opportunity, increased interest rates, time and energy expended meeting with his attorneys, tracking the status of his disputes, monitoring his credit files, and mental and emotional pain and suffering.

30.     Due to the conduct of Defendant, Plaintiff was forced to retain counsel to correct the inaccuracies in his credit file.

### COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

31.     Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32.     Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

33.     Defendant is a "person" as defined by 15 U.S.C. §1681a(b).

34.     Defendant is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

35.     At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

36.     Defendant violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Experian and Plaintiff.

37.     Defendant violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by Experian and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

38.     Had Defendant reviewed the information provided by Experian and Plaintiff, it would have corrected the inaccurate designation of the subject account and transmitted the correct information to Experian. Instead, Defendant wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

39.     Defendant violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's dispute with Experian.

40.     Defendant violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Experian after being put on notice and discovering inaccurate and misleading reporting with respect to the subject account.

41.     Defendant violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information in Plaintiff's Experian credit file.

42.     Defendant failed to conduct a reasonable investigation of its reporting of the subject account, record that the information was disputed, or delete the inaccurate information from Plaintiff's Experian credit file within 30 days of receiving notice of the dispute from Experian under 15 U.S.C. §1681i(a)(1).

43.     Despite the blatantly obvious errors in Plaintiff's Experian credit file, and Plaintiff's efforts to correct the errors, Defendant did not correct the errors or trade line to report accurately. Instead, Defendant wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's dispute to one or more third parties.

44.     A reasonable investigation by Defendant would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information remains in Plaintiff's Experian credit file.

45.     Had Defendant taken steps to investigate Plaintiff's valid dispute or Experian's request for investigation, it would have permanently corrected the erroneous and misleading credit reporting.

46.     By deviating from the standards established by the debt collection industry and the FCRA, Defendant acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Experian.

**WHEREFORE,** Plaintiff ERNEST H. NEWBLOOD respectfully prays this Honorable Court for the following relief:

a.     Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.     An order directing Defendant to delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c.     Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d.     Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e.     Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f.     Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g.     Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: November 29, 2023                    Respectfully Submitted,

                                            /s/ Marwan R. Daher
                                            Marwan R. Daher, Esq.
                                            *Counsel for Plaintiff*
                                            Sulaiman Law Group, Ltd.
                                            2500 S. Highland Ave., Ste. 200
                                            Lombard, IL 60148
                                            Phone: (630) 575-8180
                                            mdaher@sulaimanlaw.com