UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No:  1:23-cv-03155-RMR-KAS

ERNEST H. NEWBLOOD,

    Plaintiff,

v.

CONN'S APPLIANCE, INC. d/b/a CONN's HOMEPLUS,

    Defendant.

# SCHEDULING ORDER

**1. DATE OF CONFERENCE AND APPEARANCE OF COUNSEL**

The Conference was held on February 27, 2024 via teleconference.

**Appearing for Plaintiff:** Marwan R. Daher, Sulaiman Law Group, Ltd. 2500 South Highland Ave., Suite 200 Lombard, Illinois 60148, Telephone (630) 575-8181.

**Appearing for Defendant:** Earl L. Ingle, Munsch Hardt Kopf & Harr, PC, 700 Milam Street, Suite 800, Houston, Texas 77002, Telephone (713) 222-4015.

**2. STATEMENT OF JURISDICTION**

**Plaintiff:** This court has subject matter jurisdiction over this action under 15 U.S.C. §1681 and 28 U.S.C. §§1331 and 1337. This court has personal jurisdiction over this matter because Plaintiff is a resident of Colorado, and a significant amount of the underlying events alleged in the Complaint occurred within Colorado.

**Defendant:**

This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. However, Conn Appliances, Inc. ("CAI") contends that there may be a valid arbitration agreement between the parties requiring this matter to be filed in the American Arbitration Association ("AAA") and will file a Motion to Compel Arbitration as necessary following completion of its investigation.

3. **STATEMENT OF CLAIMS AND DEFENSES**

   a. **Plaintiff's statement**:

Plaintiff alleges that Defendant violated the Fair Credit Reporting Act ("FCRA") by reporting a debt to Plaintiff's credits file that Plaintiff does not owe. Specifically, Plaintiff was a victim of identity theft and the subject account was reporting on Plaintiff's credit files. In March 2022, Plaintiff contacted Defendant and Defendant informed Plaintiff that he is not obligated on the subject account. Specifically, on March 11, 2022, Plaintiff received a letter from Defendant stating: "Conn's database reflects that Ernest Newblood SSN [xxxx] has no prior credit applications or accounts with our company. Anything reflecting otherwise on his credit report is incorrect and should be deleted immediately." However, Defendant did not delete its credit report of the subject account and continued to report the subject account to Plaintiff's Experian credit file. Plaintiff submitted a dispute letter to Experian, and Experian informed Plaintiff that Defendant's believes that the subject account is owed by him. Plaintiff was harmed by Defendant's conduct.

**Defendant's statement:**

CAI denies that it violated section 1681s-2(b) of the FCRA, or any other provision of the FCRA. CAI contends it conducted a reasonable investigation into Plaintiff's dispute. Indeed,

CAI has discovered that Plaintiff's information is linked to an account opened by Ernest Rakotovao, who appears to be the same individual as Plaintiff.  CAI did not violate the FCRA, much less willfully or negligently.  CAI contends that if any violation occurred, said violation was not willful, and therefore punitive damages are not available. CAI contends that Plaintiff has not incurred any actual damages, and Plaintiff's claim is barred under the FCRA.  CAI contends that Plaintiff failed to mitigate his damages, if any.  Further, CAIs incorporate the Answer and affirmative defenses by reference, as if fully restated herein

4. **UNDISPUTED FACTS**

    The following facts are undisputed:

    a. Plaintiff has no credit applications or accounts with Defendant under the name Ernest Newblood;

    b. Defendant sent Plaintiff a letter acknowledging that he has no credit applications or accounts with Defendant under the name Ernest Newblood.

    c. Defendant has no open accounts for Plaintiff under the name Ernest Newblood.

5. **COMPUTATION OF DAMAGES**

Plaintiff seeks statutory damages of $1,000.00 per violation under the FCRA as provided under 15 U.S.C. §1681(n). Additionally he seeks payment of his actual damages and reasonable attorney fees and costs, in amounts to be determined, as provided under 15 U.S.C. §1681(n) and 15 U.S.C. 1681(o).

Defendant denies that Plaintiff is entitled to statutory damages.  Additionally, Defendant denies that Plaintiff is entitled to actual damages, or that he incurred any actual damages.

6. **REPORT OF PRE-CONFERENCE DISCOVERY & MEETING UNDER Fed. R. Civ. P. 26(f)**

    a. **Date of Rule 26(f) Meeting:** February 27, 2024.

b.  **Names of each participant and each party represented:**

   Counsel for Plaintiff: Marwan R. Daher

   Counsel for Defendant: Earl L. Ingle

c.  **Statement as to when Rule 26(a)(1) disclosures were made or will be made:**

   The parties shall make their initial disclosures on or before **March 12, 2024.**

d.  **Proposed changes, if any, in timing or requirement of disclosures under Fed.R.Civ.P. 26(a)(1).**

   The Parties do not propose any changes to the timing or requirement of disclosures at this time.

e.  **Statement concerning any agreements to conduct informal discovery:**

   Plaintiff has produced the March 11, 2022 letter to Defendant. The Parties have not agreed to make any other documents available without the need for an informal request for production at this time.

f.  **Statement concerning any other agreements or proposals to reduce discovery and other litigation costs:**

   The Parties agree to use consecutive deposition exhibit numbers.

g.  **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

   The Parties have discussed the production of electronically stored information and suggest that such information be handled as follows: The parties do not believe a substantial amount of disclosure or discovery will involve ESI. As an initial matter, the parties expect to exchange all relevant documents in hard copy or Portable Document Format (PDF) where applicable. If a party requests native format then the parties will

reasonably work together, meet-and-confer and make every effort to resolve any potential disputes without the need for Court intervention.

h. **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

Plaintiff is willing to make an initial demand to Defendant.

CAI has not received an early settlement demand from Defendant.

7. **CONSENT**

All Parties do not unanimously consent to the exercise of jurisdiction of a U.S. Magistrate Judge.

8. **DISCOVERY LIMITATIONS**

a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

The Parties agree to limit the number of depositions to six (6) depositions for each side including experts, and the number of interrogatories to twenty (25) for each side.

b. **Limitations which any party proposes on the length of depositions.**

Depositions are to be limited to four (4) hours per deposition.

c. **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

The Parties agree to limit the number of Requests for Production to twenty (25) per side and the number of Requests for Admission to twenty (25) per side.

d. **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

The parties shall serve their Interrogatories, Requests for Production of Documents, and their Requests for Admissions on or before ~~May 7, 2024~~.   August 30, 2024 (45 days before the close of discovery)

e. **Other Planning or Discovery Orders**

None at this time.

5

9. **CASE PLAN AND SCHEDULE**

a. **Deadline for Joinder of Parties and Amendment of Pleadings:**

~~July 18, 2024~~   **April 19, 2024 (45 days from the scheduling conference)**

b. **Discovery Cut-off**

October 23, 2024

c. **Dispositive Motion Deadline**

~~November 22, 2024~~   **See RMR Practice Standards**

d. **Expert Witness Disclosure**

1. The Parties shall identify anticipated fields of expert testimony, if any.

Plaintiff does not anticipate expert discovery at this time.

Defendant anticipates expert witness testimony regarding the reasonableness of its investigation, as well as expert witness testimony on Plaintiff's alleged damages.

2. Limitations which the parties propose on the use or number of expert witnesses.

The parties propose to limit the number of expert witnesses to two ~~including~~ **affirmative experts** per side, ~~rebuttal experts~~ plus one rebuttal expert per subject area (maximum of two rebuttal experts).

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

July 18, 2024

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

August 19, 2024

**f. Identification of Persons to Be Deposed**

**Plaintiff**: Corporate representative of Defendant, any person identified in Defendant's Rule 26(a)(1) Initial Disclosures. Experian's corporate representative who has knowledge of the investigation completed in response to the dispute letter Plaintiff submitted to Experian.

**Defendant**: Defendant anticipates conducting depositions of Plaintiff, Plaintiff's spouse, any individual with knowledge of Plaintiff's damages, Ernest Rakotovao, and experts.

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:
TBD
.

b. A final pretrial conference will be held in this case on _____. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement

None.

b. Anticipated length of trial and whether trial is to the court or jury.

The parties anticipate the trial will be completed in 2-3 days before a jury.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facility at 1929 Stout Street, Denver, Colorado 80294.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a). **& Mag. J. Discovery dispute procedures.**

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the U.S. Magistrate Judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the U.S. Magistrate Judge assigned to this case.

### 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this  5th   day of  March           , 2024.

BY THE COURT:

_____
Hon. Kathryn A. Starnella
Magistrate Judge
United States District Court

| | |
|---|---|
| */s/ Marwan R. Daher* | */s/ Earl L. Ingle* |
| Maher R. Daher, Esq. | Earl L. Ingle, Esq. |
| Sulaiman Law Group, Ltd. | Munsch Hardt Kopf & Harr, P.C. |
| 2500 South Highland Ave., Suite 200 | 700 Milam Street, Suite 800 |
| Lombard, Illinois 60148 | Houston, Texas 77002 |
| Phone: (630) 575-8181 | Phone: (713) 222-4015 |
| mdaher@sulaimanlaw.com | eingle@munsch.com |
| *Attorney for Plaintiff* | *Attorney for Defendant* |